IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR PEOPLE'S CHOICE HOME LOAN CORP., PEOPLE'S CHOICE HOME LOAN SECURITIES TRUST SERIES 2005-1, MORTGAGE-BACKED NOTES, SERIES 2005-1<br>　　　　Plaintiff,<br><br>v.<br><br>ALAN BATTLE<br>　　　　Defendant | § § § § § § § § § § § § § § | Civil Action No.  4:22-cv-90 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, HSBC Bank USA, National Association, as Trustee for People's Choice Home Loan Securities Corp., People's Choice Home Loan Securities Trust Series 2005-1, Mortgage-Backed Notes, Series 2005-1 ("**Plaintiff**" or "**Trustee**") files this its *Original Complaint* against Alan Battle ("**Defendant**" or "**Borrower**"), and would respectfully show the Court as follows:

### I.   PARTIES, JURISDICTION, AND VENUE

1.   HSBC Bank USA, National Association is the trustee of a trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.[1] HSBC Bank USA, National Association is now and was at the commencement of this action and all intervening times, a national banking association that has its principal office in Virginia. Therefore, as a national banking association organized under the laws of the United States,

---

[1] *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008).

HSBC Bank USA, National Association and thus Trustee are citizens of Virginia for diversity purposes.[2]

2. Defendant is a citizen of Texas, who may be served with process at 3284 North McGregor Way, Houston, TX 77004 or at such other place as he may be found. **Summons is requested**.

3. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between the Plaintiff and Defendant and the amount in controversy exceeds $75,000.00. In this suit, Plaintiff seeks to foreclose on its lien interest on certain real property. When seeking foreclosure pursuant to a lien securing the repayment of a debt, the outstanding amount owed on the debt is the amount in controversy.[3] The current payoff amount due on the underlying note is in excess of $75,000.00 and the value of the Property exceeds $75,000.00. Accordingly, the amount in controversy requirement has been met.

4. Venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. § 1391(b)(2) because this suit concerns title to real property located in Harris County, Texas.

## II.   FACTS

5. On or about December 10, 2004, for value received, Borrower executed that certain Texas Home Equity Fixed/Adjustable Rate Note (the "**Note**"), originally payable to People's Choice Home Loan, Inc., ("**People's Choice**") in the original principal amount of $272,000.00 plus interest as set forth in the Note. A true and correct copy of the Note is attached hereto as Exhibit "1" and incorporated by reference.

---

[2] 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.").
[3] *Farmers Bank of Alexandria v. Hooff*, 32 U.S. 168, 170 (U.S. 1833).

6. Concurrently with the Note, Borrower executed that certain Texas Home Equity Security Instrument recorded in Harris County, Texas as Instrument No. Y151359 (the "**Security Instrument**" and together with the Note, the "**Loan**"), as grantor, granting a security interest in certain real property and improvements. A true and correct copy of the Security Instrument is attached hereto as Exhibit "2" and incorporated by reference. The property is more particularly described as:

> **LOT 6, BLOCK 4, OF NORTH MACGREGOR OAKS, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 998, PAGE 379, OF THE DEED RECORDS OF HARRIS COUNTY, TEXAS.**

and has commonly been described as 3284 North McGregor Way, Houston, TX 77004 (the " **Property**").

7. Also, on or about December 10, 2004 Borrower executed a Texas Home Equity Affidavit and Agreement confirming that the Loan was a Texas Home Equity Loan, among other things as recorded in the real property records of Harris County, Texas as Instrument No. Y151360. A true and correct copy of the Texas Home Equity Affidavit and Agreement is attached hereto as Exhibit "3" and incorporated by reference.

8. As evidenced by the Deed of Trust, Mortgage Electronic Registration Systems, Inc. ("**MERS**") was nominee for the original Lender and its successors and assigns under the Security Instrument.

9. MERS assigned the Deed of Trust to HSBC Bank USA, National Association ("**HSBC**") as memorialized by an Assignment recorded in Harris County as Instrument no. Z488692.

10. HSBC assigned the Deed of Trust to JPMorgan Chase Bank, N.A. ("**JPMorgan Chase**") as memorialized by an Assignment recorded in Harris County as Instrument no. 20110112024.

11. JPMorgan Chase assigned the Deed of Trust to Trustee as memorialized by an Assignment recorded in Harris County as Instrument no. 20130196255.  True and correct copies of the Assignments are attached hereto as Exhibit "4" and incorporated by reference. Trustee is the current mortgagee for the Loan and is the holder of the Note.

12. On or about May 2, 2015, while in default on his payment obligations under the Note, Borrower executed a Loan Modification Agreement.  A true and correct copy of the Loan Modification Agreement is attached hereto as Exhibit "5" and incorporated by reference.

13. Even after executing the Loan Modification Agreement designed to allow Borrower the opportunity to retain the collateral, Borrower subsequently defaulted on his payment obligations under the Loan Modification Agreement, Note and Deed of Trust and remains in default.  Borrower is currently past due for the December 1, 2019 payment and all subsequent payments due under the Note.

14. Pursuant to the terms and conditions of the Note and at the election of the payee, the entire unpaid principal balance and interest on the Note was to become payable and immediately due at the lender's option on default.

15. In addition to other previous notices of default, on October 12, 2021, Trustee sent a Demand Letter-Notice of Default to Defendant at his last known addresses.  A true and correct copies of the Demand Letter-Notice of Default to Borrower are attached hereto as Exhibit "6" and incorporated by reference.

16. Borrower failed to remedy the default. Trustee has complied with all conditions precedent to recovery herein.

17. Borrower remains in default under the terms of the Note and Security Instrument and despite demand has refused to cure such defaults. Trustee is entitled to a judgment authorizing foreclosure according to the terms of the Security Instrument, Texas Property Code 51.002 and applicable law.

### III. CAUSE OF ACTION- JUDGMENT AUTHORIZING FORECLOSURE

18. The foregoing paragraphs are incorporated by reference for all purposes.

19. Plaintiff asserts a cause of action seeking a judgment authorizing foreclosure against the Borrower. Trustee has fully performed its obligations under the Loan; however, Borrower has failed to make the payments required under the Note, which constitutes an event of default.

20. The Security Instrument permits Trustee to foreclose on the Property should there be an event of default on the Note. Accordingly, Trustee seeks judgment in its favor including an order allowing non-judicial foreclosure in accordance with the terms of the Security Instrument and Texas Property Code section 51.002.

21. All conditions precedent have been performed or have occurred.

### IV. DECLARATORY RELIEF

22. The foregoing paragraphs are incorporated by reference for all purposes.

23. Plaintiff seeks a declaratory judgment stating that Borrower is in default and that Plaintiff has met the legal requirements to proceed with a non-judicial foreclosure sale on the Property after it provides all legally required notices of such a sale pursuant to the terms of the Note, Security Instrument, Texas Property Code § 51.002 and applicable law.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that it recover judgment against Defendant for the following:

a. The Court issue Final Judgment which includes an order authorizing foreclosure under the Security Instrument and Texas Property Code § 51.002;

b. Declaratory relief as requested herein; and

c. For such other and further relief to which this Court deems it to be justly entitled.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
  Michael F. Hord Jr.
  State Bar No. 00784294
  Federal I.D. No. 16035
  Eric C. Mettenbrink
  State Bar No. 24043819
  Federal I.D. No. 569887
  HIRSCH & WESTHEIMER, P.C.
  1415 Louisiana, 36th Floor
  Houston, Texas  77002-2772
  713-220-9182 Telephone
  713-223-9319 Facsimile
  Email: mhord@hirschwest.com
  Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR PLAINTIFF**